```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Eric Angell

   v.                                   Civil No. 16-cv-167-JD
                                         Opinion No. 2016 DNH 104
Pacific Union Financial, LLC


O R D E R

Eric Angell, who is proceeding pro se, brought suit in state court seeking to enjoin the foreclosure sale of his home by Pacific Union Financial, LLC. Pacific Union removed the case, and Angell's motion to remand has been denied. Pacific Union moves to dismiss the complaint, and Angell objects.

Standard of Review

A motion to dismiss for failure to state a claim is governed by Federal Rule of Civil Procedure 12(b)(6). In considering a motion under Rule 12(b)(6), the court assumes the truth of the properly pleaded facts and takes all reasonable inferences from those facts that support the plaintiff's claims. Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 104 (1st Cir. 2015). Based on the properly pleaded facts, the court determines whether the plaintiff has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Background

Angell filed a form complaint in state court titled "Complaint to Enjoin Foreclosure Sale." Angell asked the court to enjoin the foreclosure sale of his home, then scheduled for May 20, 2016. The property is located at 29A Lund Drive, Hudson, New Hampshire.

Angell acknowledged in the complaint that his mortgage is in default. He alleged that he was involved in a divorce, filed by his wife, Sarah Hill, in November of 2015. Because of a no contact order in the divorce proceeding and Angell's bail conditions, he could not discuss arrangements for paying the mortgage with Hill. In December of 2015, as part of the divorce proceeding, Hill was required to pay 50% of the current bills, including the mortgage. Angell alleged that Hill did not comply with the payment order, which resulted in default on the mortgage and the scheduled foreclosure sale.

In the complaint, Angell alleged that he was "willing, able, and ready to bring the mortgage out of foreclosure by either loan modification or paying the past due balance in full." He also alleged, however, that "due to the current divorce matter, this may not happen until after the auction on the property has been held." He asked the state court to enjoin the foreclosure sale for ninety days after the final divorce

2

hearing to allow him time to reinstate the mortgage with funds that were then frozen due to the divorce proceeding.

Angell has not moved to amend the complaint. In his objection to the motion to dismiss, however, he provides additional factual background about his efforts to resolve the mortgage default with Pacific Union. He also states that the divorce proceeding has ended with a reconciliation between Angell and Hill and that he would like to pay the amount required to reinstate the mortgage but has not been able to do so because Pacific Union has not provided him with the required payment amount.

Pacific Union has represented to the court that the foreclosure sale was cancelled "in order to allow exploration of loss mitigation efforts." Pacific Union also represents that the foreclosure sale has not been rescheduled.

## Discussion

In the complaint, Angell seeks to enjoin the foreclosure sale of his home. The foreclosure sale has been cancelled and has not been rescheduled. Therefore, at present, there is no foreclosure sale to enjoin.

Pacific Union moves to dismiss the action on the ground that Angell has no right to reinstate or modify the mortgage and that Angell has not stated any other cause of action. In his

objection to the motion, Angell agrees that he has not fulfilled the reinstatement requirement in the mortgage but argues that is because of Pacific Union's failure to provide the reinstatement amount.  He also agrees that he has no right to modify the mortgage but argues that he is entitled to relief based on a new theory of promissory estoppel.

Given Angell's pro se status and the change in circumstances and theories since the complaint was filed, it is appropriate to give him an opportunity to amend the complaint to allege facts to support a new cause of action.  See Fed. R. Civ. P. 15(a).  In addition, it appears that Pacific Union may be working with Angell to resolve the matter, which would be a better way to end the case.  Therefore, the motion to dismiss is granted, but Angell will be given leave to file an amended complaint to allege a new claim or new claims.  Pacific Union may respond as appropriate under the Local Rules and the Federal Rules of Civil Procedure.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 7) is granted.

The plaintiff is granted leave to file an amended complaint **on or before July 20, 2016.**

4

If the case is settled before that date, Angell and counsel for Pacific Union shall so notify the court with a joint filing. If the case is not settled before that date and Angell fails to file an amended complaint within the time allowed, regardless of any ongoing discussions with Pacific Union, judgment will be entered against Angell, and the case will be closed.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph DiClerico, Jr.
United States District Judge

June 22, 2016

cc:  Eric Angell, pro se
     Michael P. Robinson, Esq.